UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Andrew La Paz,

                Plaintiff,

                –v–

Commissioner of Social Security,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 20, 2017

15-cv-6353 (AJN)(DCF)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Judge Freeman's Report & Recommendation ("R & R") recommending that the Court grant the Defendant's motion for judgment on the pleadings in the pro se Plaintiff's appeal of an administrative denial of supplemental security income and disability insurance under the Social Security Act. *See* Dkt. No. 20.

    When considering the findings and recommendations of a magistrate judge, the Court may "accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b) (1). The Court must make a *de novo* determination of any portions of a magistrate's report or findings to which a party raises an objection, and reviews only for "clear error on the face of the record" when there are no objections to the R & R. *Brennan v. Colvin*, No. 13-CV-6338 (AJN) (RLE), 2015

1

WL 1402204, at *1 (S.D.N.Y. Mar. 25, 2015); *see also Hicks v. Ercole,* No. 09–cv–2531 (AJN) (MHD), 2015 WL 1266800, at *1 (S.D.N.Y. Mar. 18, 2015); *Gomez v. Brown,* 655 F.Supp.2d 332, 341 (S.D.N.Y. 2009). Clear error is found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *Laster v. Mancini,* No. 07–CV–8265 (DAB) (MHD), 2013 WL 5405468, at *2 (S.D.N.Y. Sept. 25, 2013) (quoting *United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006)).

Objections to Judge Freeman's R & R were due by February 15, 2017. *See* Dkt. No. 20 at 76-77. As of March 8, 2017, no objections have been filed.[1] The Court thus reviews the R & R for clear error, and finds none. The Court therefore adopts the R & R in its entirety and GRANTS Defendant's motion for judgment on the pleadings, on the grounds described by Judge Freeman.

SO ORDERED.

Dated: March 20, 2017
New York, New York

---

[1] On February 27, 2017, the Court received a letter from the pro se Plaintiff which was dated February 20, 2017. *See* Dkt. No. 21. In that letter, the Plaintiff makes no objections to the R&R. *See id.* Even if any language in the letter could be construed as an objection, there are no specific objections such that the standard of review in this case would not be clear error. *See Tinsley v. Woods,* No. 08 CV 1332 VB, 2011 WL 4472468 (VB), at *1 (S.D.N.Y. Sept. 28, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (quoting *Pinkney v. Progressive Home Health Servs.,* 2008 U.S. Dist. LEXIS 55034, at *1, 2008 WL 2811816 (S.D.N.Y. July 21, 2008)).


_____
ALISON J. NATHAN

United States District Judge